UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION



FILED
NOV 29 2011
PAMELA E. ROBINSON, CLERK
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, ) ) ) | CASE NO. 11-1436 |
| Plaintiff, ) ) | |
| v. ) ) ) | PLAINTIFF'S *EX PARTE* MOTION TO TEMPORARILY SEAL ENTIRE DOCKET AND INCORPORATED MEMORANDUM IN SUPPORT |
| SUMMIT TRADING & CAPITAL LLC, a dissolved Illinois Limited Liability Company, BRANT L. RUSHTON, an individual, and MELISSA C. RUSHTON, an individual, ) ) ) ) ) | |
| Defendants. ) | |

Plaintiff, U.S. Commodity Futures Trading Commission ("Commission" or "Plaintiff"), respectfully submits this *ex parte* motion ("motion") to temporarily seal the entire docket and file in this matter. Placing these documents in the public record or in any way identifying the parties to this action and the relief requested at this time would not be in the public interest. Accordingly, the Commission respectfully requests that this Court seal the file in this matter until the earlier of: (1) seventy-two hours following issuance of the requested *ex parte* statutory restraining Order or (2) when counsel for the Commission informs the clerk of court that the seal is no longer necessary. The requested temporarily seal is narrowly tailored and properly designed to prevent Defendants from having the opportunity to destroy documents or dissipate, transfer, or move ill-gotten investor funds prior to service of the Commission's requested *ex parte* statutory restraining Order.

In support of this motion, the Commission states as follows:

I.      STATEMENT OF FACTS

The Commission hereby incorporates by reference the Statement of Facts set forth in its *EX PARTE* EMERGENCY MOTION FOR A STATUTORY RESTRAINING ORDER, EXPEDITED DISCOVERY, PRELIMINARY INJUNCTION, AND OTHER EQUITABLE RELIEF, AND INCORPORATED MEMORANDUM IN SUPPORT ("SRO Motion"), filed contemporaneously with this motion. The SRO Motion seeks to, among other things, freeze the assets of Defendants, prohibit them from destroying their books and records, and permit the Commission immediate access to these books and records.

II.     A TEMPORARY SEAL IS NECESSARY TO PROTECT THE COMMISSION'S ONGOING ENFORCEMENT ACTIVITY AND TO PRESERVE THIS COURT'S ABILITY TO GRANT EFFECTIVE RELIEF

This Court has recognized that "[a]lthough the Seventh Circuit recognizes a 'strong presumption' in favor of the common law and First Amendment right of access to judicial records, '[n]either the common-law nor the constitutional right is absolute.'" U.S. v. Berger, 990 F.Supp. 1051, 1053 (C.D. Ill. 1997) (quoting Grove Fresh Distrib., Inc. v. Everfresh Juice Co., 24 F.3d 893, 897 (7th Cir.1994). "This presumption is rebuttable upon demonstration that suppression 'is essential to preserve higher values and is narrowly tailored to serve that interest.'" Grove Fresh Distrib., 24 F.3d at 897 (quoting Press Enterprise Co. v. Superior Court, 464 U.S. 501, 510 (1984) (holding that "the district court properly denied the [press'] emergency motion to unseal as a necessary means to achieving the government's compelling interest in the protection of a continuing law enforcement investigation."); see also United States v. Valenti, 987 F.2d 708, 714-15 (11th Cir. 1993) (protection of ongoing law enforcement activity was a compelling interest warranting the seal of transcripts and other papers); In re Search Warrant for Secretarial Area Outside Office of Gunn, 855 F.2d 569, 574 (8th Cir.1988) (holding that the

district court properly sealed affidavits and other materials attached to search warrants because "[t]here [wa]s a substantial probability that the government's on-going investigation would be severely compromised if the sealed documents were released."). Thus, the Court may exercise its discretion and temporarily seal the court file if such action is necessitated by a compelling government interest and the seal is narrowly tailored to that interest.

The Commission has not given Defendants notice of this action. Absent the requested temporary seal, Defendants will have the incentive and opportunity to hinder the Court's consideration of this case and render ineffective any relief this Court may enter at the ultimate disposition of this matter. For example, if they receive advance notice of the *ex parte* statutory restraining Order, Defendants would be able to destroy their business records or conceal or transfer assets in order to avoid a civil monetary penalty or restitution order. The Court should not provide the public or Defendants with notice of these filings for up to 72 hours because to do so would defeat their very purpose, *i.e.* to prevent the dissipation of assets and the destruction of documents. Accordingly, no reasonable alternatives exist but to seal the record for the brief duration sought here.

### III.    CONCLUSION

For the reasons discussed above, the Commission respectfully requests that the entire docket in this matter, including the pleadings, motions, memoranda, exhibits, proposed orders, and orders, be sealed until the earlier of (1) seventy-two hours following issuance of the requested *ex parte* statutory restraining Order, or (2) when counsel for the Commission informs the clerk of court that the seal is no longer necessary, to allow time for agents of the Commission to serve the Complaint, *ex parte* statutory restraining Order, and accompanying materials on the Defendants without advance notice.

November 29, 2011

Respectfully Submitted,

Attorneys for Plaintiff
U.S. Commodity Futures Trading Commission
Division of Enforcement
Three Lafayette Centre
1155 21st Street NW
Washington, DC 20581
(202) 418-5000
(202) 418-5538 facsimile

_____
Daniel C. Jordan
Chief Trial Attorney
VA Bar No. 36382
(202) 418-5339
djordan@cftc.gov

## CERTFICATE OF COMPLIANCE WITH LR 7.1(B)(4)

I hereby certify that the foregoing *Ex Parte* Emergency Motion contains a total of 899 words according to the word processing system used to prepare the document.

_____
Daniel C. Jordan